**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION SECURITIES LITIGATION, <br><br> _____ <br><br> EDMOND K.L. TO, Lead Plaintiff; et al., <br><br>     Plaintiffs-Appellants, <br><br>  v. <br><br> SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION, <br><br>     Defendant-Appellee, <br><br>  and <br><br> ZIXUE ZHOU; et al., <br><br>     Defendants. | No.   22-55660 <br><br> D.C. Nos. <br> 2:20-cv-11219-GW-AFM <br> 2:21-cv-00067-GW-AFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted September 14, 2023
Pasadena, California

_____

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.

Plaintiff appeals the district court's order granting Defendants' motion to dismiss Plaintiff's second amended securities-fraud class action complaint ("SAC"). Reviewing de novo, we affirm. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).

"To recover damages in a private securities fraud action, the plaintiff must establish a causal connection between the defendant's fraudulent conduct and the plaintiff's economic loss—an element known as loss causation." *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 786 (9th Cir. 2020). "One way to prove loss causation is to show that the defendant's fraud was revealed to the market through one or more 'corrective disclosures' and that the company's stock price declined as a result." *Id.*

Plaintiff alleges that Defendants misled investors about the ties Defendant Semiconductor Manufacturing International Corporation ("SMIC") had to the Chinese military, including by stating on a call with analysts in May 2020 that SMIC was "commit[ted]" to "non-military use from day one, 20 years back," and continued to be "full[y] commit[ted]" to non-military end-use of its products. Plaintiff alleges that later news articles revealed the falsity of those statements and caused a correction of the fraudulently inflated stock price that caused him economic loss. Alternatively, Plaintiff argues that even if those news articles are

2

best understood as merely announcing an investigation into SMIC's suspected ties to the Chinese military, he has still plausibly alleged loss causation under *Lloyd v. CVB Financial Corp.*, 811 F.3d 1200, 1209-10 (9th Cir. 2016).

We assume without deciding that SMIC misled investors into thinking that it had no ties to the Chinese military. But we hold that Plaintiff has not plausibly alleged loss causation.

First, the Wall Street Journal ("WSJ") article from September 2020 is not a corrective disclosure. It merely reported that the Trump administration was weighing putting SMIC on the Entity List because of the suspicion that it "aids China's defense establishment," and it only summarized allegations in a third party's report about SMIC's alleged ties to the Chinese military, equivocating about the allegations' veracity by noting that an expert on China found the allegations of ties "tenuous." Moreover, the WSJ article reported that the Trump administration had taken an increasingly broad approach to placing Chinese companies on the Entity List, "increasingly justif[ying] listings on broader national-security grounds." The WSJ article therefore lacks the level of detail and certitude needed to "disclose[] facts that, if true, rendered false [SMIC's] prior statements." *BofI*, 977 F.3d at 793.[1]

---

[1] To the extent the underlying third-party report, which contained highly detailed allegations, could constitute a corrective disclosure, it could do so only if

3

Second, the Reuters article from September 26, 2020 is not a corrective disclosure because it lacks any purported facts contradicting the May 2020 statement. It reports only that the Trump administration imposed trade restrictions on SMIC because of an "unacceptable risk" that equipment supplied to SMIC could be used by the Chinese military, not that SMIC indeed had ties to the Chinese military when it made the allegedly false statements.

Third, we disagree with Plaintiff that he has pleaded loss causation under the standard set forth in *Lloyd*, 811 F.3d 1200, by pointing to later actions by the Trump and Biden administrations restricting the sale of SMIC securities. Under *Lloyd*, "the announcement of an investigation can 'form the basis for a viable loss causation theory' if the complaint also alleges a subsequent corrective disclosure by the defendant." *Id.* at 1210 (quoting *Loos v. Immersion Corp.*, 762 F.3d 880, 890 n.3 (9th Cir. 2014)). That subsequent disclosure must "confirm[]" the market's fears—triggered initially by the investigation—that a defendant had misled investors. *Id.* at 1211. Even if the WSJ article and Reuters article can be characterized as announcements that the Trump administration would be investigating SMIC's potential ties to the Chinese military, the Trump

it were available to the market when the WSJ article drew attention to it. *See BofI*, 977 F.3d at 786 (explaining that a defendant's alleged fraud must be "revealed to the market"). But the WSJ article did not attach the report, and the SAC does not allege that the report was publicly available when the WSJ article was published. The report therefore cannot constitute a corrective disclosure either.

4

administration's December 2020 action categorizing SMIC as a Communist Chinese Military Company is insufficient to confirm that Defendants misled investors during the relevant time period. The Biden executive order from June 2021 also cannot establish loss causation because Plaintiff makes no allegation about how the relevant market reacted to that executive order.

Because Plaintiff has failed to plead loss causation, which is an essential element of a securities-fraud claim, Plaintiff's SAC fails to state a claim.

**AFFIRMED.**